## George McAninch v. The State.

### No. 3763.  Decided October 27, 1915.

#### 1.—Theft of Cattle—Ownership—Husband and Wife.

Where the indictment contained two counts, one charging the cow to be the property of the wife, and the other charging the cow to be the property of the husband, and both counts were submitted, and a want of consent of both was shown by the evidence, there was no merit in the contention that the court charged erroneously that the alleged property was that of the husband.

#### 2.—Same—Charge of Court—Alibi.

Where, upon trial of theft of cattle, the court submitted a proper charge on alibi, there was no error on that ground.

#### 3.—Same—Charge of Court—Principal—Purchase.

Where, upon trial of theft of cattle, the evidence for the State showed that defendant and another acted together, and that they were seen driving the alleged cow, but the defendant claimed that he bought the cow, and the court properly charged the jury if the defendant received the alleged animal after it was stolen, to acquit the defendant, directly applying the law to the facts, there was no reversible error.

#### 4.—Same—Charge of Court—Principal—Original Taking.

Where, upon trial of theft of cattle, the defendant denied the original taking, but the court submitted the law on principal, and also defendant's defense, and required the jury to find that the defendant must have participated in the original taking before they could find him guilty, the same was sufficient.

#### 5.—Same—Sufficiency of the Evidence—Theft—Receiving Stolen Property.

Where, upon trial of theft of cattle, the defendant claimed that he purchased the animal in question, and the court submitted this defense, as well as the law of principals, and the evidence was sufficient to sustain the conviction, there was no reversible error.

Appeal from the District Court of Milam.  Tried below before the Hon. J. C. Scott.

Appeal from a conviction of theft of cattle; penalty, two years imprisonment·in the penitentiary.

The opinion states the case.

*E. A. Camp,* for appellant.—On question of insufficiency of the evidence:  Schultz v. State, 22 Texas Crim. App., 16; Arispe v. State, 26 id., 581.

*C. C. McDonald,* Assistant Attorney General, for the State.

DAVIDSON, Judge.—Appellant was convicted of cattle theft, his· punishment being assessed at two years confinement in the penitentiary.

Exception was reserved to the court's charge on several grounds: The first was that the court erred in charging on the question of theft of the cow as the property of P. B. Hickson, it being claimed the cow did not belong to P. B. Hickson but was the property of Lula Hickson, the wife of P. B. Hickson. The indictment contains two counts, one charging the cow to be the property of Lula Hickson, and the other charging the cow to be the property of P. B. Hickson. They both testified in the case, and to the want of consent on their part. There is some evidence showing that Mrs. Lula Hickson claimed the cow, and we suppose it was community property, though there is nothing said about it. These people were husband and wife, and she speaks of it in the nature of a milk cow, a noted cow in the neighborhood where it was stolen. But there is no merit in this contention. Both counts were submitted to the jury, and they found appellant guilty.

The second exception to the court's charge is, he did not submit the issue of alibi. The court's charge contains a stereotyped charge on alibi, and after defining alibi instructed them if they had a reasonable doubt as to the presence of the defendant at the place where the offense was committed at the time of the commission thereof, to find him not guilty.

The third exception is that it does not charge when a theft is completed, and does not charge that the defendant must be acquitted unless he participated in the acts constituting the theft as a principal. We do not believe the exception is well taken. The theory of the State was, that appellant and another party committed the theft and drove the cow from Davilla to Cameron, and there was some evidence showing they were seen driving this cow at night. Appellant sold the cow at Cameron, and had the check made for the payment of the cow in the name of one W. J. Melear. His claim was that he traded for the cow with Melear, giving him a little mule valued at $10 and some money for the cow, and sold her to the butcher. When the butcher went to make out the check appellant had it made out in favor of W. J. Melear and himself endorsed Melear's name on the back of it when he cashed it. He says this was done at Melear's request. Now the court charged the jury, in this connection, that if they should believe from the evidence that the defendant received the cow described in the evidence in trade or sale from one W. J. Melear, or any other person, they will find the defendant not guilty, or if they had a reasonable doubt thereof they will acquit the defendant. This directly applied the law to the facts.

Another ground is that the court did not define who are principals, and did not instruct the jury that if defendant is shown by the evidence to be an accomplice he must be acquitted. The court charged on circumstantial evidence in the main charge, then gave this charge at the request of appellant: "You are further instructed that all persons are principals who are guilty of acting together in the commission of an offense. When an offense is actually committed by one or more persons, but others are present and, knowing the unlawful intent, aid

by acts or encourage by words or gestures those actually engaged in the commission of the unlawful act, such persons so aiding or encouraging are principal, offenders, and may be prosecuted as such. And in this connection you are further charged that the offense of theft is complete when the alleged thief has actually taken possession of and assumed ownership and control of the stolen property, and unless you believe from the evidence, beyond a reasonable doubt, that the defendant, Geo. McAninch, had some connection with the original unlawful taking of the cow, if the cow was unlawfully taken, you will acquit the defendant." We think this sufficiently presented the failure of the court to so charge, if such error be found in the court's charge for its omission.

Appellant also excepts to the court's charge for failing to instruct the jury that defendant should not be convicted if he was receiver and not the thief. We have quoted a sufficient number of the charges which, we think, presented this matter fairly to the jury so they could not have made any mistake in finding on this particular question. His contention was that he did not steal the cow but that he received it from Melear. The court instructed the jury directly if that was true to acquit, and gave a charge on circumstantial evidence, also upon the law of principals, which instructed the jury that if appellant was not connected with the original taking, that he could not be guilty of theft. This omission, if it be so treated, was not calculated to injure the rights of the accused in the face of the charges given. It would make no difference whether appellant received it or not; if he was not connected with the original taking he should be acquitted. and the jury were so instructed, and this whether he received it innocently or fraudulently. If the jury believed he received the animal from Melear, as he says he did, and as was his contention, they would not have convicted him. They could have taken this view of it, but they did not, and there is evidence to support the finding that he was the original taker. The issues were, we think, fairly submitted to the jury on the different questions. There is no bill of exceptions in the record, and these are the matters we have thought necessary to mention in deciding the case.

The judgment is affirmed.

*Affirmed.*